UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. STEWART,

        Plaintiff,

v.

CITY OF LANSING, et al.,

        Defendants.
_____/

Case No. 1:08-cv-778

CONSENT CASE

## OPINION

Plaintiff Cheryl L. Stewart filed this complaint against defendants City of Lansing, Jim McCue, and Sue Stachowiak. Plaintiff alleges that her constitutional rights were violated when the City of Lansing allowed a 24-hour gas station to operate on commercial property adjoining her residential property and when the City of Lansing demolished what was left of her brick walled detached garage. Plaintiff alleges that an improper taking of her property occurred and that defendants committed a trespass and created a nuisance. Plaintiff asserts claims of negligence against defendants McCue and Stachowiak and claims that defendants acted in a conspiracy. Defendants have filed a motion for summary judgment. The matter has been fully briefed and arguments were presented on March 17, 2009, in Lansing, Michigan.

Plaintiff resided at 1016 East Kalamazoo Street in the City of Lansing. The adjoining property, at the corner of East Kalamazoo Street and South Pennsylvania Avenue, had previously been the site of a gas station. The gas station is not currently in business. At the time plaintiff purchased her residential property, the adjoining property was commercial property and was zoned

for commercial use, such as a gas station. When plaintiff purchased her property, a commercial printing company operated a business on the adjoining property. Plaintiff claims that her problems began in 2005, after the gas station/convenience store/coney island stand moved into the adjoining property. Plaintiff complained that there already existed a Quality Dairy store across the street and the allowance of the 24-hour gas station increased the use of this commercial area and brought undesirable consequences, such as drug dealers, prostitutes, noise, and unpleasant odors. As a result of the opening of the gas station, plaintiff complains that the property value of her home decreased and her home became unliveable at times because of the constant noise due to the 24-hour traffic. Plaintiff complained that the City of Lansing allowed the gas station despite it being an unreasonable use of the property and despite a number of zoning violations, including an improper restroom, lack of parking stops, inadequate parking, an improper set back distance, and an improper allowance of a canopy on the building.

Plaintiff argues that the City violated her rights when the City demolished her garage after it was determined unsafe and unsuitable. Plaintiff alleges that the garage was demolished after she made improvements to the brick structure and after she had removed the roof of the building. Plaintiff complains that the brick walls could have been considered a fence which acted as a necessary barrier between her property and the commercial property. The City inspected plaintiff's garage on May 23, 2002, and determined that it was in major disrepair. Plaintiff was notified that the violations had to be corrected by June 23, 2002. Plaintiff received a building permit to rebuild the roof. The permit was extended to August 5, 2002, but the roof was never rebuilt. Plaintiff simply removed the roof. The garage was inspected multiple times. No roof structure was in place. After a March 8, 2006, inspection, demolition was requested by the Code Compliance Officer. Plaintiff was sent a notice of a hearing on March 10, 2006. The hearing was held on March 23,

2006, and resulted in an order requiring demolition of the garage by April 27, 2006. The order was sent to plaintiff and posted on her property.

Plaintiff failed to comply with the order and a public show cause hearing was scheduled for July 12, 2006. Plaintiff received notice of the hearing. Plaintiff attended the hearing and presented her position. The matter was referred to the Public Safety Committee. Plaintiff was sent notice by certified mail of the Public Safety Committee meeting. As a result of the July 31, 2006, meeting, the committee voted that the garage must be made safe or demolished within 30 days. The City Council adopted a resolution on August 7, 2006, for the owner to make the garage safe or to demolish the garage within 30 days. Plaintiff was sent notice of the resolution. Plaintiff took out a building permit to build a garage roof on September 1, 2006. No work was started. On December 7, 2006, the City started a bid process for demolition. The demolition was completed on March 19, 2007.

It is apparent that this entire experience has had a negative impact on plaintiff. Plaintiff feels she has been wronged and that her treatment at the hands of defendants was unfair and caused her to suffer significant injury.

Defendants have filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed.

R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that no constitutional violation could have occurred because the gas station was a proper use within the zoning ordinances. Plaintiff apparently claims that defendants violated her due process rights because the allowance of the gas station on the commercial property constituted a taking of her adjacent residential property and constituted a nuisance. The City counters by asserting that the issuance of the permit for the gas station and canopy was proper under the zoning ordinances and within a use "as of right."

In reviewing a substantive due process claim involving zoning decisions of a state administrative body, a plaintiff must show "arbitrary and capricious action" which leaves no rational basis for the zoning decision. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992). A federal court must uphold the administrative body decision unless it is not supportable by any rational basis or is a "willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case." *Id.*

> The federal court may make only the most limited review of the *evidence* before the state administrative agency. This review is limited to determining whether the agency has paid attention to the evidence adduced and acted rationally upon it. The state decision may not be set aside as arbitrary and capricious if there is "some factual basis" for the administrative action. Plaintiff here would have a jury rehear the evidence. However, we hold that the application of his deferential standard of review is a matter of law for the court. Otherwise, federal juries would sit as local boards of zoning appeals.

*Id.* at 1222.

The gas station with a canopy was a reasonable use of the commercial property. Plaintiff cannot show that an arbitrary and capricious decision was made by the zoning designation. It was reasonable for plaintiff to expect that the property could be used for a gas station at the time she originally purchased her home. Where there is discretion to approve or deny a particular property use under zoning rules, a plaintiff has no claim. *Triomphe Investors v. Northwood,* 49 F.3d 198 (6th Cir. 1995). Defendant Stachowiak had discretion to approve the site plan and building remodeling plan. In her opinion, the plan complied with City ordinances. *See* affidavit of defendant Stachowiak, attached as Exhibit 2 to defendants' motion for summary judgment (Docket #14). Plaintiff has not shown a lack of discretion or that the decision was unreasonable.

Plaintiff asserts that the gas station created a nuisance and deprived her of the quiet enjoyment of her residential property located adjacent to the busy commercial intersection and area. In *Hinojasa v. Dep't of Natural Resources*, 263 Mich. App. 537, 688 N.W.2d 550 (2004), the court noted that to support a takings claim, the plaintiff must establish that the government's affirmative actions, through abuse of powers, were a substantial cause of the decline of the property. In *Hinojasa*, the plaintiff claimed damage from a spreading second fire from a vacant neighboring home which the city owned due to tax deficiencies. The home was commonly used by vagrants who started fires inside the house to keep warm. The court concluded that plaintiff's taking clam should

be dismissed because the government did not actively cause plaintiff harm. Similarly, in *Attorney General v. Ankersen*, 148 Mich. App. 524, 385 N.W.2d 658 (1986), the attorney general filed a nuisance abatement claim relating to the operation of a hazardous waste disposal company against the land owner and operators of the company. The property owners counterclaimed asserting that the state participated in the creation of a nuisance and that the state's actions rose to a constitutional taking. The court rejected the counterclaim explaining that the granting of a license to a private citizen or a private corporation to conduct business operations cannot be a taking of private property for government use. *Id.* at 562.

Plaintiff cannot show that a taking occurred by the approval of the gas station on commercial property adjacent to her property. The defendants did not actively cause plaintiff harm by approving the gas station and canopy on commercial property. Similarly, plaintiff cannot show that the application of the zoning ordinance was unconstitutional.

Plaintiff alleges that the defendants may have conspired against her with the owners of the gasoline station. There exists no support for this claim. It is well settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under 42 U.S.C. § 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). In order to state a claim of civil conspiracy under 42 U.S.C. § 1985, a plaintiff must establish (1) a conspiracy involving two or more persons, (2) for the purpose of depriving a person or class of persons the equal protection of the laws, and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. A plaintiff must also show some racial or other class-based invidiously discriminatory animus behind the conspirators' actions. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998);

*Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997); *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).  Plaintiff has not alleged or established that she is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause because of inherent personal characteristics.  *Seguin*, 968 F.2d at 590.  Plaintiff's conspiracy claims are unsupportable.

Plaintiff's claims regarding the demolition of her garage do not implicate constitutional concerns.

> The nuisance exception to the prohibition on unconstitutional takings provides that because no individual has the right to use his or her property so as to create a nuisance, the [s]tate has not taken anything when it asserts its power to enjoin [a] nuisance-like activity. *Keystone BituminousCoal Ass'n v. DeBenedictis,* 480 U.S. 470, 491 n. 20, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987). Indeed, [c]ourts have consistently held that a[s]tate need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance. *Id.* at 492 n. 22, 107 S.Ct. 1232.

*Ypsilanti Fire Marshall v. Kircher*, 273 Mich. App. 496, n. 22; 730 N.W.2d 481 (2007).  In *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470 (1987), coal companies sued because a Pennsylvania Act required that fifty percent of the coal under certain structures must remain in place to provide surface support.  The companies argued that this was an unconstitutional taking.  The court disagreed, explaining in part that states have the power to enact legislation to protect public safety.

> [P]rohibition simply upon the use of property for purposes that are declared, by valid legislation, to be injurious to the health, morals, or safety of the community, cannot, in any just sense, be deemed a taking or appropriation of property. . . .  The power which the States have of prohibiting such use by individuals of their property as will be prejudicial to the health, the morals, or the safety of the public, is not – and, consistently with the existence and safety of organized society cannot be – burdened with the condition that the State must compensate such individual owners for pecuniary losses they may

>   sustain, by reason of their not being permitted, by a noxious use of their property, to inflict injury upon the community.

*Id.* at 489, citing *Mugler v. Kansas*, 123 U.S. 62, 688-669(1887). Plaintiff failed to put a roof on her garage structure and this was considered as a violation of public safety.

Defendants McCue and Stachowiak argue that the claims against them should be dismissed. Defendants argue that to the extent that plaintiff may be asserting due process claims against them, allegations of negligence fail to support a due process claim. Further, defendants claim that plaintiff's nuisance and negligence claims must be dismissed based upon governmental immunity. Under governmental immunity, both the negligence and nuisance claims should be dismissed. *Pohutski v. Allen Park*, 465 Mich. 675, 641 N.W.2d 219 (2002).

Plaintiff also wishes to amend her complaint to add Jeffrey Bacon as a plaintiff. Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). Plaintiff's proposed amendment would be futile.

For the reasons stated above, plaintiff's motion to join other parties and amend pleadings will be denied, defendants' motion for summary judgment will be granted, and this case will be dismissed with prejudice. A judgment consistent with this Opinion will issue.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 2, 2009